UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER PERCY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3583** |
| **MAXWELL** | **SECTION "B"(5)** |

## TRANSFER ORDER

Petitioner, CHRISTOPHER PERCY, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2000 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) The State failed to sustain its burden of proof at the habitual offender adjudication;

2) The State failed to prove the cleansing period between the end of the previous sentence and the commission of the most recent offense;

3) The State did not introduce authentic, properly certified evidence at the habitual offender adjudication.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Christopher K. Percy v. Gray</u>

Copes, Warden, Civil Action 05-0619 "B"(5). In that petition, petitioner raised the following grounds for relief:

1) He was denied the right to a fair and impartial jury because no hearing was held to prove bias on the part of a juror and the State used its peremptory challenges in a racially discriminatory manner;

2) His conviction was against the weight of the evidence;

3) His conviction was obtained by the use of inadmissible evidence based on the State's reference to other crimes in its opening statement and the admission of other crimes evidence at trial;

4) He was denied effective assistance of trial counsel; and

5) He was denied effective assistance of appellate counsel.

That petition was dismissed with prejudice on the merits by Judgment entered November 3, 2005. Petitioner did not appeal that judgment.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit

Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that CHRISTOPHER PERCY's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 29th day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE